ISHEE, J.,
for the Court:
¶ 1. In March 2012, Michael Dees was convicted in the Desoto County Circuit Court of possession of morphine in an amount less than ten grams but more than two grams. Due to his prior convictions, he was sentenced as a habitual offender. He is currently serving an eight-year sentence in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for early release or a reduction in his sentence. Aggrieved by the circuit court’s denial of his motion for a new trial, he appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On the morning of July 15, 2011, Dees and his brother, Steven, were pulled over in Southaven, Mississippi, by Southa-ven Police Officer Roy Hurst. Officer Hurst testified that the Southaven Police Department had received a complaint alleging a vehicle fitting Dees’s vehicle’s description was being driven recklessly. Officer Hurst then spotted Dees’s vehicle, with Steven at the wheel and Dees in the passenger’s seat. Officer Hurst testified that because Steven was not wearing a seat belt, he initiated a traffic stop.
¶ 3. As he approached the vehicle, Officer Hurst noticed excessive movement from both Steven and Dees. He also noticed that both men were sweating profusely. After informing the men why he had pulled them over, Office Hurst asked for Steven’s driver’s license and proof of insurance. Steven did not have either.
¶ 4. Officer Hurst then requested that both men exit the vehicle. Noticing that the men were still engaging in nervous behavior, he asked if he could search the vehicle. Steven consented to the search. However, prior to searching the vehicle, *1061 Officer Hurst did a safety pat down of the men. At that time, he discovered a syringe containing residue he suspected was narcotic residue in Dees’s pocket. He then searched the vehicle and discovered a pill bottle wedged into the back seat cushions., Officer Hurst removed the bottle from the vehicle. When Dees saw Officer Hurst with the bottle, he stated that the pills and the bottle were his. The bottle contained eight assorted pills. Officer Hurst identified several of the pills as Schedule II narcotics, and quickly notified his superior officer. Detective Lance Shepard, a narcotics detective with the police department, was sent to assist Officer Hurst. After being briefed by Officer Hurst, Detective Shepard processed the scene.
¶ 5. Dees was taken into custody. Detective Shepard testified that during questioning, Dees told him that the bottle and the pills both belonged to him. Detective Shepard testified that Dees further stated he had suffered injuries several years pri- or from an accident and had gotten the pills from a friend. Dees indicated that he took the pills in order to reduce his pain level. Dees also admitted that he injected the pills with the syringe that Officer Hurst had discovered in Dees’s pocket.
¶ 6. The pills were sent to the Mississippi Crime Laboratory. Eric Frazier, a forensic scientist specializing in controlled-substance analysis, received the pills for analysis. After testing, Frazier determined that the pills were morphine, a Schedule II drug.
¶ 7. Dees was indicted by a grand jury for possession of morphine in an amount less than ten units but more than two units. The indictment was later amended to reflect Dees’s status as a habitual offender due to two separate felony convictions in Tennessee. Dees pleaded not guilty. The trial began on February 27, 2012.
¶ 8. Officer Hurst, Detective Shepard, and Frazier testified on behalf of the State. Dees and his sister, Debra White, testified for the defense. White stated that she observed Dees and Steven on the morning of the incident. She recalled seeing Steven counting out pills and placing them in a bottle that looked identical to the bottle Officer Hurst discovered in the vehicle. She testified that she never saw Dees handle the pills, nor did she believe Dees knew Steven had the pills. Dees also testified that the pills were not his. He stated that he knew Steven was on parole and was afraid Steven would be sent back to prison if the authorities discovered that the pills were Steven’s. He testified that he was attempting to protect his brother by lying to the authorities about his ownership of the pills.
¶ 9. After deliberations, the jury returned a guilty verdict. Dees filed a motion for a new trial, stating the evidence clearly showed that the pills were Steven’s. The circuit court denied the motion. Dees was sentenced to eight years in the custody of the MDOC. Due to his status as a habitual offender, he is not eligible for early release or any reduction in his sentence. He now appeals the circuit court’s order denying his motion for a new trial.
DISCUSSION
1110. A motion for a new trial challenges the weight of the evidence. Bush v. State, 895 So.2d 886, 844 (¶ 18) (Miss.2005). In reviewing the denial of a motion for a new trial, we analyze the circuit court’s decision under an abuse-of-discretion standard. Vaughn v. State, 972 So.2d 56, 59 (¶ 11) (Miss.Ct.App.2008) (citing Dilworth v. State, 909 So.2d 731, 736 (¶ 17) (Miss.2005)). We will only overturn a circuit court’s decision to deny a motion *1062 for a new trial when a verdict “is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citation omitted).
¶ 11. Dees asserts that although he told authorities that the pills and the bottle were his, he corrected his statement during his testimony at trial. He claims that his testimony, wherein he claimed he had lied to authorities to protect his brother and that the pills were actually not his, outweighs the other evidence against him. He also argues he is exonerated by White’s testimony that she saw Steven counting the pills and placing them in the bottle.
¶ 12. However, Officer Hurst and Detective Shepard both testified that Dees admitted to them the pills and the bottle were his. Officer Hurst also discovered a syringe on Dees’s person, which Dees later admitted to Detective Shepard he used to inject the pills. In sum, this is a witness-credibility issue.
¶ 13. It is well settled that “[t]he jury determines the weight and credibility of witness testimony.” Nelson v. State, 10 So.3d 898, 905 (¶ 29) (Miss.2009). As such, it was within the jury’s province to determine whose testimony was the most credible. In addition to the testimonies of Officer Hurst, Detective Shepard, and Frazier, physical evidence in the form of the syringe was found in Dees’s pocket. As such, we cannot find that the testimonies of Dees and White outweighed those of Officer Hurst, Detective Shepard, and Frazier, as well as the physical evidence presented. The jury was in the proper position of deciding whom to believe. We will not overturn its decision. Likewise, we will not overturn the circuit court’s denial of Dees’s motion for a new trial. This issue is without merit.
¶ 14. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE AS A HABITUAL OFFENDER OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.